UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **DAVID BELLARD** | **CIVIL ACTION NO. 3:16-CV-00519** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **TIMOTHY DUCOTE, ET AL.** | **MAGISTRATE JUDGE HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff David Bellard, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 20, 2016.  When he filed his complaint, plaintiff was confined at the Jackson Parish Correctional Center (JPCC); he has since been released on bond.  He claims that while at JPCC, he was denied medical care.  He sued Warden Timothy Ducote, Jackson Parish Correctional Center, Medical Staff at Jackson Parish Correctional Center, Deputy Parks, CJ Dillon, John Does and Nurse Laura, praying to be compensated for his pain and suffering and for revisions of all institutional polices on emergency medical and hiring processes.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court**.**

On September 6, 2016, Plaintiff was given a period of 30 days or until October 6, 2016, within which to amend his complaint to provide information needed to conclude the initial review. [Doc. 17] Plaintiff has not responded to the Court's directive.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash*

*R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Plaintiff was ordered to amend his complaint within 30 days of September 6, 2016. He has ignored that order. Dismissal of the complaint is warranted.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** for failure to prosecute in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996.

In Chambers, Monroe, Louisiana, November 9, 2016.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**

2